UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ROBERT M. LINDBLAD,<br><br>    Plaintiff,<br><br>    v.<br><br>SALESFORCE,<br><br>    Defendants. | Case No. 3:21-cv-7432-LB<br><br>**ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Plaintiff Robert Lindblad, who represents himself and is proceeding in forma pauperis, sued Salesforce, claiming that the defendant owes him $110,000.[1] Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a federal claim. In this order, the court identifies the complaint's deficiencies and gives the plaintiff an opportunity to amend the complaint by October 25, 2021 to cure them.

---

[1] Compl. – ECF No. 1 at 4, 8. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-7432-LB

## STATEMENT

The complaint alleges the following facts and events. The plaintiff has a contractual relationship with the defendant.[2] The plaintiff subscribed to the defendant's website, but subsequently learned that there were multiple accounts in the plaintiff's name, which caused him to believe the defendant owed him $110,000.[3] The plaintiff invoiced the defendant for that amount and accused the defendant of fraud. The defendant has not paid the invoice.[4]

Also alleged in the complaint is a claim for copyright infringement, but the plaintiff asserts no facts with respect to that claim.[5]

## ANALYSIS

**1.  Sua Sponte Screening — 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[2] *Id*. at 7 (¶ 5).
[3] *Id*. at 7 (¶¶ 4–8).
[4] *Id*. at 5.
[5] *Id*. at 8 (¶ 14).

Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"Frivolousness" within the meaning of the in forma pauperis standard of 28 U.S.C. § 1915(d) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"'A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325). The definition of frivolousness "embraces not only the arguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32 (quoting *Nietzke*, 490 U.S. at 327). Frivolous claims include "'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Nietzke*, 490 U.S. at 328). "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As the Ninth Circuit has explained, frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

**2. Application**

The plaintiff asserts a fraud claim for $110,000, but he does not describe when and how the defendant took his money. There is no federal question presented in his complaint and there is no other basis for federal jurisdiction, such as diversity jurisdiction. For diversity jurisdiction, the plaintiff must be a citizen of a different state than the defendant, and he is not because all parties reside in California. Additionally, the complaint here is frivolous because he has not set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Accordingly, and under 28 U.S.C. § 1915(e)(2), the court dismisses the complaint with leave to amend.

## CONCLUSION

The court has identified the deficiencies in the plaintiff's complaint. The plaintiff may file an amended complaint by October 25, 2021 if he can cure the deficiencies. If the plaintiff does not file an amended complaint, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case. Alternatively, the plaintiff may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice and allow him to pursue his claims later.

**IT IS SO ORDERED.**

Dated: October 4, 2021

LAUREL BEELER
United States Magistrate Judge